UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE INTEREST RATE SWAPS ANTITRUST LITIGATION<br><br>This Document Pertains To:<br><br>ALL CLASS ACTIONS | MDL No. 2704<br>Master Docket No. 16 MD 2704 (JPO)<br><br>ORDER APPROVING PLAN OF ALLOCATION FOR THE NEW SETTLEMENT AGREEMENT<br><br>Hon. J. Paul Oetken |

This matter came before the Court for hearing pursuant to Plaintiffs'[1] application for final approval of the Plan of Allocation of Settlement Funds—New Settlement (ECF No. 1095-5) preliminarily approved by this Court on October 10, 2024 (ECF No. 1099) (the "Plan of Allocation"). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions and terms of the New Settlement Agreement (ECF No. 1080-1), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the New Settlement Agreement.

2. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all persons who are members of the Settlement Class who could be identified with reasonable effort,

---

[1] Plaintiffs are the Los Angeles County Employees Retirement Association and the Public School Teachers' Pension and Retirement Fund of Chicago.

1

advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are members of the Settlement Class with respect to the Plan of Allocation.

3. The Court finds that the Plan of Allocation is fair and reasonable to Settlement Class Members. In particular, the Court finds that the Plan of Allocation treats Settlement Class Members equitably relative to each other because it distributes the Net Settlement Fund to Settlement Class Members, as far as reasonably practicable, in proportion to a reasonable estimation of the value of each Settlement Class Member's claims, taking into account salient legal and financial features of the U.S. IRS Transactions underlying their claims.

4. Members of the Settlement Class were given the opportunity to object to the Plan of Allocation in compliance with Rule 23 of the Federal Rules of Civil Procedure. No objections have been filed challenging the fairness of the Plan of Allocation.

5. Accordingly, this Court finds and concludes that the Plan of Allocation for the New Settlement, as set forth in the Notice, is, in all respects, fair and reasonable, and the Court approves the Plan of Allocation.

6. The Court's consideration and approval of the Plan of Allocation for the New Settlement Agreement is independent of the Court's consideration and approval of any settlement, the Plan of Allocation for the Credit Suisse Settlement Agreement, the fee awards, the expense awards, and the service awards. Any appeal or challenge affecting this Court's approval regarding the Court's approval of the Plan of Allocation for the New Settlement Agreement shall in no way disturb or affect the finality of the final judgments entered with respect to the Settlements, the Plan of Allocation for the Credit Suisse Settlement Agreement, the fee awards, the expense awards, or the service awards.

The Clerk of Court is directed to spread this Order to all related actions.

    IT IS SO ORDERED.

DATED: July 17, 2025

                                              J. PAUL OETKEN
                                          United States District Judge